IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANGEL HERNANDEZ-ZAMORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-4267-CV-S-RED-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Angel Hernandez-Zamora ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has submitted additional exhibits, which this Court previously ruled would be taken into consideration in evaluating Plaintiff's appeal, but would not be made part of the administrative record. (*See* Doc. 14) Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, including the supplemental exhibits submitted by Plaintiff, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). In this case, the record as a whole includes the supplemental exhibits which were not before the ALJ at the time of his decision. Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social

Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

The Plaintiff challenges the ALJ's opinion on two grounds. One, Plaintiff argues that the ALJ failed to properly develop the record as he did not make an effort to obtain the records from Dr. Gutierrez, a treating physician. Two, Plaintiff argues that the ALJ erred when he found that Plaintiff did not have a severe mental impairment.

*A. The ALJ's Development of the Record*

It is clear that it is the ALJ's duty to develop the record. *See, e.g.*, SSR 96-7p; 20 C.F.R. § 404.1527 (2004); *Sims v. Apfel*, 530 U.S. 103, 111-12 (2000). The ALJ is required to develop a

-3-

Case 2:04-cv-04267-RED   Document 17   Filed 12/05/05   Page 3 of 6

reasonably complete Record. *See Brown*, 87 F.3d at 966. However, the ALJ must only order additional evidence if "the professional opinions available to him were [in]sufficient to allow him to form an opinion...." *Lauer v. Apfel*, 245 F.3d 700, 706 (8th Cir. 2001). As long as "other evidence in the recorded provides a sufficient basis for the ALJ's decision" then the ALJ is permitted to issue a decision without obtaining additional medical evidence. *Warburton v. Apfel*, 188 F.3d 1047, 1051 (8th Cir. 1999).

Plaintiff argues that the ALJ erred and failed to properly develop the record by not obtaining records from Dr. Gutierrez, one of Plaintiff's treating physicians. Dr. Gutierrez was not mentioned in the record before the hearing with the ALJ. He was not listed or mentioned as a treating physician. During the hearing, the ALJ was told that Dr. Gutierrez, a psychiatrist, had prescribed medicine for Plaintiff's inability to sleep, but that the medication had been taken away. (Tr. 238.) The only other mention of Dr. Gutierrez, in any manner, before the ALJ was when the ALJ asked Plaintiff's witness if she had been with Plaintiff to see any doctors other than Dr. Gutierrez. (Tr. 246.)

Clearly, there was no indication to the ALJ that further review of Dr. Gutierrez's treatment would be necessary or helpful. The ALJ did review the records of other mental health providers and treating physicians of Plaintiff. The record before the ALJ, even without Dr. Gutierrez's records, included substantial documentation of Plaintiff's medical history. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996) (finding that the ALJ had fully developed the record since it was reasonably complete.) The ALJ included significant reference to these records in fashioning his opinion.

Even considering the evidence from Dr. Gutierrez, the Court can not say that the ALJ's opinion is not supported by the substantial weight of the evidence as a whole. *See Riley v. Shalala,*

18 F.3d 619, 622 (8th Cir. 1994) (stating that the court must analyze the new evidence and "speculate to some extent on how the [ALJ] would have weighed the newly submitted reports.") While it is true, as Defendant mentions, that the additional evidence submitted "is not consistent with the evidence in the record," this statement is only partially true. The additional evidence submitted includes the progress notes of Dr. Gutierrez, the Medical Assessment of Ability to Do Work-Related Activities (Mental) by Dr. Gutierrez, and a letter from Lorena Monroe, a Nurse Practitioner.

As a threshold matter, the Court notes that Ms. Monroe is not an acceptable medical source to comment on Plaintiff's mental health. 20 C.F.R. § 416.913. Thus, the Court is left with the Medical Assessment and Treatment notes of Dr. Gutierrez. The Medical Assessment is the only document in the record from a proper medical source which appears to indicate disability on the part of the Plaintiff. Dr. Gutierrez states that in the section titled Making Occupational Adjustments, Plaintiff has poor to no abilities in all of the eight (8) categories under that section.

However, the Court notes that this Assessment is hardly consistent with the treating notes of Dr. Gutierrez. In the treating notes Plaintiff is twice given a Global Assessment of Functioning (GAF) score of 60. A score of 60 translates to moderate symptoms or moderate difficulty in social, occupational, or school functioning. Once, Plaintiff is rated at a GAF 50 – serious symptoms or serious impairment in social, occupational, or school functioning. However, the most recent notes show that Plaintiff was no longer hearing voices, seemed more upbeat, had less swallowing problems, breathing was better, and the symptom severity had decreased.

Thus, all that is added to the record by the additional records is one out of several physicians indicating that Plaintiff may be disabled, and this record does not appear to be supported by the

treatment notes. Clearly, the substantial evidence still supports the ALJ's decision.

### B. *Failure to find that Plaintiff is "severely" impaired.*

Plaintiff also argues that the ALJ erred by not finding that Plaintiff had a "severe" impairment based upon the requirements in the Regulations. However, the ALJ did specifically find that Plaintiff had a severe impairment (TR. 16). Thus, this argument is without merit.

### IV. Conclusion

Upon a review of the record, the Court finds that substantial evidence, including the newly submitted evidence, supports the ALJ's decision, and that the decision as a whole is supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED**.

DATE:    December 5, 2005              */s/ Richard E. Dorr*
                                       RICHARD E. DORR, JUDGE
                                       UNITED STATES DISTRICT COURT